# UNITED STATES DISTRICT COURT
for the
District of Arizona

Blake Wilkie, Esq.
LLG NATIONAL LAW GROUP
State Bar No.: 034028
Phoenix Corporate Tower
3003 N Central Avenue - Suite 685
Phoenix, AZ 85012
Phone: 602.960.9400
Fax: 707.215.3600
blake.wilkie@llgnational.com
Attorneys for Plaintiff

| | | |
|---|---|---|
| CLINTON V. FOSTER<br>*Plaintiff*<br><br>**-v-**<br><br>AMERICAN INTERCONTINENTAL UNIVERSITY SYSTEM; PERDOCEO EDUCATION CORPORATION; TRIDENT UNIVERSITY INTERNATIONAL; and JOHN DOES 1–10,<br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.__________________________<br><br>**COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION

Plaintiff CLINTON V. FOSTER, by way of Complaint against Defendants TRIDENT UNIVERSITY INTERNATIONAL, AMERICAN INTERCONTINENTAL UNIVERSITY SYSTEM, and PERDOCEO EDUCATION CORPORATION, hereby states as follows:

## INTRODUCTION

1. This action arises from Defendants' negligent, inaccurate, and defamatory handling of Plaintiff's academic records, which resulted in the issuance and publication of a false official transcript to Plaintiff's employer stating that Plaintiff withdrew from his Bachelor's program and never earned a degree.

2. Plaintiff completed all academic requirements for his undergraduate and graduate

programs and was awarded both degrees. Defendants previously recognized Plaintiff's academic achievements, relied upon them in admitting Plaintiff to subsequent programs, and maintained records reflecting his graduation.

3. Upon information and belief, Defendants and their predecessor institutions underwent multiple ownership transfers, administrative transitions, and student-record system migrations over several years, during which Plaintiff's academic records were corrupted, altered, or incompletely preserved.

4. When Plaintiff's employer sought degree verification, Defendants transmitted a false transcript omitting Plaintiff's earned degree and incorrectly listing him as having withdrawn. Plaintiff's employer relied on this false information, refused to recognize Plaintiff's degree, and imposed professional restrictions that caused Plaintiff significant economic, reputational, and career harm.

5. Plaintiff brings this action to recover damages for Defendants' defamation, negligence, negligent misrepresentation, breach of duty, breach of implied contract, and related harms arising from Defendants' failure to maintain accurate academic records and their publication of false information to a third party.

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Texas, Defendants are citizens of other states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Defendants are subject to personal jurisdiction in this District because they maintain physical facilities, administrative offices, and student-records operations within the District of Arizona, including Trident University International's records-administration site located at 2200 East Germann Road, Suite 150, Chandler, Arizona 85286. Defendants generated, maintained, and

transmitted the false transcript at issue from within this District, and their negligent recordkeeping and publication of false academic information occurred, in substantial part, in Arizona.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this District for venue purposes and a substantial part of the events or omissions giving rise to the claims occurred in Arizona, including Defendants' maintenance of Plaintiff's academic records, the generation of the false transcript, and the administrative failures that produced the inaccurate academic information transmitted to Plaintiff's employer.

## THE PARTIES

9. At all times relevant herein, Plaintiff CLINTON V. FOSTER was a student enrolled at Touro University International and later Trident University International, and is an adult resident citizen of Bexar County, Texas, with a residential address for service at 917 Romero Street, San Antonio, TX 78237, USA.

10. At all times relevant herein, Defendant TRIDENT UNIVERSITY INTERNATIONAL is a private institution of higher education and the successor to Touro University International, with a mailing and principal office address for service at 5757 Plaza Drive, Suite 100, Cypress, CA 90630, USA, and with additional administrative, operational, and student-records facilities within the District of Arizona, including its Arizona campus located at 2200 East Germann Road, Suite 150, Chandler, AZ 85286. Trident University International maintains and administers student academic records from its Arizona facilities, and the false transcript at issue in this action was generated and transmitted from within this District.

11. At all times relevant herein, Defendant AMERICAN INTERCONTINENTAL UNIVERSITY SYSTEM ("AIUS") is an educational system operated by Perdoceo Education Corporation and the current institutional owner and custodian of Trident University International's

academic records, with an address for service at 231 N. Martingale Road, Schaumburg, IL 60173, USA.

12. At all times relevant herein, Defendant PERDOCEO EDUCATION CORPORATION is a Delaware corporation that owns and operates the American InterContinental University System and is responsible for the administration and maintenance of Trident University International's student records, with an address for service at 231 N. Martingale Road, Schaumburg, IL 60173, USA.

13. The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

14. All of Plaintiff's claims stated herein are asserted against Defendants Trident University International, American Intercontinental University System, Perdoceo Education Corporation, and any of their owners, predecessors, successors, subsidiaries, agents, employees, contractors, and/or assigns.

## FACTUAL BACKGROUND

15. Plaintiff CLINTON V. FOSTER completed all academic requirements for the Bachelor of Science in Information Technology Management at Touro University International and, on or about December 15, 2006, was formally conferred that degree.

16. Plaintiff received official documentation at the time confirming his graduation, including a degree certificate and a registrar-issued transcript listing his status as "Graduate." These records accurately reflected Plaintiff's academic history when issued.

17. Plaintiff later enrolled in the Master of Science in Information Technology Management program at Trident University International, the successor institution to Touro University International.

18. Plaintiff successfully completed all graduate coursework and was awarded his Master's degree on or about October 9, 2016. Plaintiff's admission to and graduation from this program required Defendants to recognize and rely upon Plaintiff's previously conferred Bachelor's degree.

19. Upon information and belief, between 2007 and 2025, Touro University International and its successor institutions underwent multiple ownership transfers, rebrandings, accreditation changes, and student-record system migrations, including transitions to TUI University, Trident University International, and ultimately the American InterContinental University System operated by Perdoceo Education Corporation.

20. These transitions resulted in substantial changes to Defendants' administrative, technological, and recordkeeping systems.

21. Plaintiff's claims do not challenge Defendants' academic judgment, instructional quality, grading decisions, or pedagogical discretion. Rather, Plaintiff challenges Defendants' administrative and ministerial failures in maintaining, preserving, and transmitting accurate student records, functions that Arizona law recognizes as distinct from academic decision-making.

22. Upon information and belief, during the period relevant to this action, Trident University International and the American InterContinental University System maintained student-records administration, transcript-generation functions, and operational facilities within the District of Arizona, including their records-administration site at 2200 East Germann Road, Suite 150, Chandler, Arizona 85286. Plaintiff's academic records were stored, accessed, and

processed at this Arizona facility, and the official transcript transmitted to Plaintiff's employer in May 2025 was generated or issued from within this District.

23. Upon information and belief, during these institutional transitions, Plaintiff's academic records were mishandled, corrupted, or incompletely migrated, resulting in inconsistent, inaccurate, or incomplete data within Defendants' student-record systems. These record irregularities were not disclosed to Plaintiff and were not corrected by Defendants.

24. In May 2025, Plaintiff's employer, Leidos, initiated a routine verification of Plaintiff's Bachelor's degree as part of its standard credential-validation process for federal contractor personnel. Leidos requested official confirmation from Trident University International, the institution responsible for maintaining Plaintiff's academic records at that time.

25. In response to this verification request, Defendants issued and transmitted to Plaintiff's employer an official transcript dated May 2025 that falsely listed Plaintiff's academic status as "Withdrew" and omitted any record of Plaintiff's Bachelor's degree conferral.

26. Upon information and belief, the transcript also contained multiple inconsistencies, including duplicate courses, conflicting student identification numbers, incorrect program listings, and missing graduation information.

27. Plaintiff's employer relied on Defendants' false transcript and formally notified Plaintiff that his Bachelor's degree could not be verified. Plaintiff was informed that he would not be permitted to list the degree on internal or customer-facing resumes and that the degree could not be entered into the company's HR system. These actions directly restricted Plaintiff's professional advancement and employment opportunities.

28. As a result of Defendants' negligent recordkeeping and publication of false academic information, Plaintiff suffered significant professional, reputational, and economic

damages, including restrictions on advancement, loss of employment opportunities, reputational injury within a federal contractor environment, and ongoing emotional distress.

**COUNT I**
**DEFAMATION**

29. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

30. Defendants, acting individually and collectively, published false statements about Plaintiff to his employer by issuing an official transcript falsely stating that Plaintiff withdrew from his Bachelor's program and did not earn a degree.

31. These statements were false, were negligently created and maintained, and upon information and belief resulted from corrupted or improperly migrated academic records under Defendants' control.

32. Defendants knew or reasonably should have known that Plaintiff had earned his Bachelor's degree and that the withdrawal notation was inaccurate, particularly given Defendants' prior recognition of Plaintiff's degree when admitting him to and graduating him from their Master's program.

33. Defendants' publication of false academic information to Plaintiff's employer constitutes defamation because it directly impugned Plaintiff's honesty, qualifications, and professional integrity, and conveyed to a third party that Plaintiff had misrepresented his educational background.

34. Plaintiff's employer relied on these false statements, refused to recognize Plaintiff's degree, restricted his ability to list the degree internally or externally, and limited his professional advancement and opportunities.

35. As a direct and proximate result of Defendants' defamatory publication, Plaintiff suffered reputational harm, employment restrictions, economic loss, and emotional distress.

**COUNT II**
**NEGLIGENCE**

36. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

37. At all times relevant hereto, Defendants held themselves out as competent, professional institutions of higher education capable of accurately maintaining student records, preserving academic history, and providing reliable degree-verification services to students, employers, and third parties.

38. Defendants owed Plaintiff a duty to exercise reasonable care in maintaining accurate academic records, preserving the integrity of his student information during institutional transitions, and verifying the accuracy of Plaintiff's academic history before transmitting official records to third parties.

39. Upon information and belief, Defendants breached this duty by failing to properly maintain, migrate, or verify Plaintiff's academic records during multiple ownership transfers, administrative transitions, and system migrations, resulting in corrupted, inconsistent, or incomplete data.

40. Defendants further breached their duty by issuing an official transcript containing false information and transmitting it to Plaintiff's employer without conducting reasonable verification or review to ensure the accuracy of Plaintiff's academic history.

41. Defendants' negligence was the direct and proximate cause of Plaintiff's employer rejecting his degree, restricting his professional advancement, and imposing reputational and economic harm that were reasonably foreseeable consequences of Defendants' failure to maintain accurate academic records.

**COUNT III**
**NEGLIGENT MISREPRESENTATION**

42. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

43. At all times relevant hereto, Defendants held themselves out as competent institutions of higher education capable of accurately maintaining student records and providing reliable academic information to students, employers, and third parties.

44. Defendants supplied false academic information to Plaintiff's employer by issuing an official transcript stating that Plaintiff withdrew from his Bachelor's program and did not earn a degree.

45. Defendants failed to exercise reasonable care or competence in obtaining, maintaining, reviewing, or communicating Plaintiff's academic information, and upon information and belief, relied on corrupted, inconsistent, or incompletely migrated data when preparing the transcript.

46. Plaintiff's employer reasonably relied on Defendants' false statements in determining Plaintiff's eligibility to list his degree, in evaluating his professional qualifications, and in assessing his compliance with credential requirements applicable to federal contractor personnel.

47. As a direct and proximate result of this reliance, Plaintiff suffered economic loss, reputational harm, and restrictions on professional advancement, all of which were foreseeable consequences of Defendants' failure to exercise reasonable care in communicating academic information.

## COUNT IV
## BREACH OF DUTY/ PROFESSIONAL NEGLIGENCE

48. Plaintiff hereby repeats all of the allegations and exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

49. At all times relevant hereto, Defendants held themselves out as competent

institutions of higher education capable of accurately maintaining student records, preserving academic history, and providing reliable academic information to students, employers, and third parties.

50. As institutions responsible for maintaining academic records, Defendants owed Plaintiff a professional duty to exercise reasonable care in accurately preserving, updating, and transmitting his educational history, including during administrative transitions, ownership changes, and student-record system migrations.

51. Upon information and belief, Defendants breached this duty by failing to maintain accurate records during multiple ownership transfers, system migrations, and administrative transitions, resulting in corrupted, inconsistent, or incomplete academic data concerning Plaintiff.

52. Defendants further breached their duty by issuing an official transcript containing false information and failing to correct the error when notified, despite having the ability and obligation to verify and rectify inaccuracies in Plaintiff's academic records.

53. Defendants' breach of their professional duty was the direct and proximate cause of foreseeable harm to Plaintiff, including professional setbacks, reputational injury, economic damages, and emotional distress.

## COUNT V
## EQUITABLE ESTOPPEL

54. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

55. Defendants previously recognized and relied upon Plaintiff's Bachelor's degree when admitting him into their Master's program and subsequently awarding him a graduate degree, thereby representing to Plaintiff that his undergraduate degree was valid, accurate, and accepted within Defendants' academic records.

56. Having made these prior representations, Defendants are equitably estopped from

later denying, contradicting, or repudiating Plaintiff's Bachelor's degree through issuance of an official transcript falsely stating that Plaintiff withdrew and did not earn the degree.

57. Plaintiff reasonably relied on Defendants' prior recognition of his degree in pursuing employment, representing his academic credentials, and advancing his professional standing within a federal contractor environment.

58. Defendants' inconsistent and contradictory representations caused foreseeable and substantial harm to Plaintiff, including professional setbacks, reputational injury, economic damages, and restrictions on advancement.

**COUNT VI**
**BREACH OF IMPLIED CONTRACT**

59. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

60. At all times relevant hereto, Defendants held themselves out as competent institutions of higher education capable of accurately maintaining student records, preserving academic history, and providing reliable academic information to students, employers, and third parties.

61. An implied contract existed between Plaintiff and Defendants whereby Plaintiff agreed to pay tuition and complete all required academic coursework, and Defendants agreed to accurately maintain Plaintiff's academic records, properly confer degrees earned, and truthfully represent Plaintiff's academic history to third parties.

62. Plaintiff fully performed his obligations under the implied contract by completing all required coursework for both his Bachelor's and Master's degrees and by satisfying all academic and financial requirements associated with those programs.

63. Defendants breached the implied contract by failing to maintain accurate academic records, failing to preserve Plaintiff's degree information during multiple institutional transitions,

and issuing an official transcript falsely stating that Plaintiff withdrew and did not earn a degree.

64. Defendants further breached the implied contract by transmitting false academic information to Plaintiff's employer, despite having previously recognized Plaintiff's Bachelor's degree when admitting him into and graduating him from their Master's program.

65. As a direct and proximate result of Defendants' breach, Plaintiff suffered loss of employment opportunities, reputational harm, restrictions on advancement, economic damages, and emotional distress, all of which were foreseeable consequences of Defendants' failure to uphold their contractual obligations.

## COUNT VII
## INJURIOUS FALSEHOOD

66. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

67. Defendants, acting individually and collectively, published false statements concerning Plaintiff's academic qualifications by issuing an official transcript falsely stating that Plaintiff withdrew from his Bachelor's program and did not earn a degree, and by omitting Plaintiff's earned degree from the transcript transmitted to Plaintiff's employer.

68. These false statements were published to Plaintiff's employer in a manner that directly concerned Plaintiff's professional competence, credential eligibility, and suitability for continued employment within a federal contractor environment.

69. Upon information and belief, Defendants knew or reasonably should have known that the academic information they published was false, or acted with reckless disregard for its truth or falsity, particularly given Defendants' prior recognition of Plaintiff's Bachelor's degree when admitting him into and graduating him from their Master's program.

70. Defendants' publication of false academic information was intended to, or reasonably should have been expected to, cause pecuniary harm to Plaintiff by impairing his

professional standing, restricting his ability to represent his credentials, and limiting his advancement opportunities within his employer's credential-sensitive environment.

71. Defendants' conduct constitutes injurious falsehood because they published false statements concerning Plaintiff's professional qualifications with knowledge or reckless disregard of their falsity and in a manner reasonably expected to cause pecuniary harm.

72. As a direct and proximate result of Defendants' injurious falsehood, Plaintiff suffered pecuniary loss, including loss of employment opportunities, restrictions on advancement, diminished earning capacity, reputational injury within a federal contractor environment, and other economic damages.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

74. Defendants engaged in extreme and outrageous conduct by issuing and publishing to Plaintiff's employer an official transcript falsely stating that Plaintiff withdrew from his Bachelor's program and did not earn a degree, despite Defendants' prior recognition of Plaintiff's degree when admitting Plaintiff into and graduating him from their Master's program.

75. Upon information and belief, Defendants acted intentionally or with reckless disregard for the truth by failing to maintain accurate academic records during multiple ownership transfers, administrative transitions, and system migrations, and by transmitting false academic information without conducting reasonable verification.

76. Defendants knew or reasonably should have known that publishing false academic information to a federal contractor employer would foreseeably cause Plaintiff humiliation, reputational injury, and severe emotional distress, particularly given the credential-sensitive nature of federal contracting environments.

77. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, including anxiety, humiliation, mental anguish, and ongoing psychological harm.

78. Defendants' conduct was extreme, outrageous, and utterly intolerable in a civilized community, thereby satisfying the elements of Intentional Infliction of Emotional Distress under Arizona law.

79. The conduct alleged herein meets Arizona's high threshold for extreme and outrageous behavior. Defendants published false academic information to a federal contractor employer, knowing or having reason to know that such information would directly impair Plaintiff's professional standing, security-clearance eligibility, and employment opportunities.

80. Arizona courts recognize that intentional or reckless dissemination of false information affecting a person's livelihood may constitute conduct 'utterly intolerable in a civilized community,' particularly where the defendant occupies a position of trust and exercises exclusive control over the accuracy of the information conveyed.

## PRAYER FOR RELIEF

81. **WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

a. Awarding compensatory damages in an amount to be determined at trial;

b. Awarding economic damages for lost opportunities, diminished earning capacity, and professional restrictions;

c. Awarding reputational damages for harm caused by Defendants' publication of false academic information;

d. Awarding emotional distress damages;

e. Awarding punitive damages to deter similar misconduct;

f. Awarding costs of suit as permitted by law;

g. Awarding pre- and post-judgment interest as permitted by law; and

h. Granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

82. Plaintiff demands a trial by jury on all issues so triable.

**CERTIFICATION**

83. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

**LLG NATIONAL LAW GROUP**

Dated: September 2, 2026

*/s/ Blake Wilkie*

Blake Wilkie, Esquire
Phoenix Corporate Tower
3003 N Central Avenue - Suite 685
Phoenix, AZ 85012
Phone: 602.960.9400
Fax: 707.215.3600
blake.wilkie@llgnational.com
*Attorney for Plaintiff*